# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SUMMIT METALS, INC., | ) Chapter 11 |
| Debtor. | ) Bankr. No. 98-2870 (KJC) |
| SUMMIT METALS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 00-387-SLR |
| RICHARD E. GRAY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 31st day of March, 2008, having reviewed the pending motions and the papers submitted in connection therewith, as well as the docket;

IT IS ORDERED that the joint motion of Francis A. Monaco, Jr. (the Chapter 11 Trustee of the above captioned plaintiff, Summit Metals, Inc. ("Summit")) and of the Official Committee of Unsecured Creditors ("the Committee") for entry of an order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, vacating the dismissal of defendant Rich Realty, Inc., is **denied**, for the reasons that follow:

1. Reference of the above captioned adversary proceeding was withdrawn by order of this court dated April 11, 2000. For the following three years, the case was litigated arduously. A bench trial was conducted on January 21, 2004 by then district judge Kent A. Jordan. Judge Jordan issued his post-trial findings of fact and

conclusions of law on August 6, 2004. (D.I. 221) Judge Jordan entered judgment (D.I. 222) in favor of Summit and against all of the defendants, with the exception of B.F. Rich and Rich Realty, based upon his findings that Richard E. Gray ("Gray"), through the use of his corporate co-defendants, had engaged in multiple fraudulent schemes to divert money from Summit (and a few other legitimate businesses) to benefit himself. With respect to B.F. Rich and Rich Realty, Judge Jordan referred in footnote one of his August 6, 2004 opinion to an order dismissing B.F. Rich as a defendant (D.I. 191) and referred to the trial transcript as the reason for dismissing Rich Realty: "Summit acknowledged at trial that it has not sought any relief from defendant Rich Realty because 'there's nothing that indicates . . . [that] Mr. Richard Gray owns an interest in Rich Realty. . . . Based on that, we are willing to go forward and stipulate that [Rich Realty Inc.] be removed." (D.I. 221 at 1, n.1)

2. More than two years after the entry of judgment in its favor, Summit asks for relief from the August 6, 2004 judgment so that it can pursue this litigation against Rich Realty. Summit produces evidence that, although Gray did not own an interest in Rich Realty at the time of trial, his children did; it would further appear from the paperwork that their shares were purchased (and Rich Realty capitalized) in September 1997 through $250,000 provided by Jenkins Management, Inc., one of the corporate co-defendants against whom judgment was entered for diversion of corporate opportunities. (D.I. 229, ex. C)[1] Summit asks for this relief out of time based on the proposition that there was fraud on the court, because the above information was not

---

[1]"We received a $250,000 wire yesterday for the initial capitalization of Rich Realty ($50,000 stock, $200,000 subordinated loan) . . . ."

2

volunteered by either Gray or Mr. Kelly, a former business partner of Gray, by the time of trial.[2]

3. The court rejects this proposition. Summit had the motive (it was, after all, accusing Gray of engaging in dishonest conduct) and the means (three years of litigation) to uncover this information.[3] Summit failed to, and the court is not inclined to give this litigation new life based on the very proposition Summit proved at trial, that Gray's word cannot always be trusted. Summit's motion is untimely and not based on the kind of circumstances that justify relief under Fed. R. Civ. P. 60(b)(6).

IT IS FURTHER ORDERED that the motion of Richard E. Gray to vacate the August 6, 2004 judgment (D.I. 245) is **denied** as frivolous and abusive of the judicial

---

[2]Federal Rule of Civil Procedure 60(b) provides that a party may move the court for relief from judgment based upon the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) goes on to provide that any motion made thereunder "shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken."

[3]There is no evidence of record that the September 1997 transaction was not discoverable; by the papers presented, it was done in the ordinary course of business by well respected lawyers. Indeed, although the Committee outlines the difficulties it had in extracting discovery from Gray and his entities, the fact remains that the documents were forthcoming in more recent litigation between Gray and B.F. Rich (D.I. 251 at 13), and should have been traceable as well through James Kelly, the sole director of record of Rich Realty, or through Jenkins Manangement, Inc., against whom judgment was entered.

process. Gray had every opportunity to fully and fairly litigate this case and the appeal
therefrom. There is no legitimate basis for his asking for, or receiving, the relief
requested.

United States District Court

4